886 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James WHITEHEAD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-2160.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and HENRY R. WILHOIT,* District Judge.
 I.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff-appellant James Whitehead appeals the district court's summary judgment affirmance of the Secretary's denial of social security disability benefits. He argues that substantial evidence does not support the Secretary's decision to deny him benefits because he does not possess the residual functional capacity to perform his past relevant work or any other work and therefore is disabled within the meaning of the Act. Because we conclude that substantial evidence does support the Secretary's decision, we affirm it.
 
 II.
 
 2
 To be entitled to Disability Insurance Benefits under Title II of the Social Security Act, a claimant must show that he has not attained retirement age, has filed an application, is insured, and is either blind or otherwise disabled. 42 U.S.C. Sec. 423(a). Entitlement to benefits means that the Secretary must have found that a claimant suffers from physical or mental impairments of such severity that he can perform neither his past relevant work nor any other jobs that exist in significant numbers in the national economy. 42 U.S.C. Sec. 423(d).
 
 
 3
 The Secretary's final determination as to disability status is conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is such relevant evidence as a reasonable person would consider adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971). Where substantial evidence supports the Secretary's determination, the determination is conclusive although substantial evidence might also support the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986).
 
 
 4
 Initially we note that this is not appellant's first application for disability benefits. The Secretary denied appellant's last previous application for benefits on July 27, 1982, however, and appellant failed to seek further administrative or judicial review of that determination. That denial therefore continues to stand as the Secretary's final determination on that application. Under the doctrine of res judicata, that determination is binding with respect to the period of time through the date of its decision, July 27, 1982. See Califano v. Sanders, 430 U.S. 99, 108 (1977); 20 C.F.R. Secs. 404.905, 404.957(c)(1) (1988). Thus, the question in this case is whether substantial evidence supports the Secretary's determination that appellant failed either to provide new evidence proving that he was in fact disabled when his initial application was denied or to provide evidence that his condition had sufficiently worsened since that time so that benefits are now warranted.
 
 III.
 
 5
 Mr. Whitehead was only 30 years old at the time he allegedly became disabled, 37 years of age on July 27, 1982, the earliest date he can be found disabled, and 42 years of age at the time of the Secretary's final determination. He has 12 years of formal education and, during the 15 years prior to the period in issue, worked as a bartender, overhead crane helper, conveyor operator, equipment operator, security guard, and crane operator. Mr. Whitehead's insured status under Title II lapsed on December 31, 1987, seven months after the Secretary's final determination.
 
 
 6
 In his second application for disability insurance benefits filed on October 20, 1983, Mr. Whitehead alleged that he became disabled in October 1975 due to psoriasis, arthritis, gout, sickle cell anemia, a hiatal hernia, shortness of breath, chronic and severe joint pain, easy fatigability, and memory loss.
 
 IV.
 
 7
 To assist in determining whether a claimant meets the underlying statutory test for disability--whether considering age, education, and work experience, a medically determinable impairment renders the claimant unable to engage in any substantial gainful activity existing in the economy--the Secretary has promulgated regulations that provide for the sequential evaluation of claims for disability insurance pursuant to Title II of the Act. 20 C.F.R. Secs. 404.1520(b)-(f) (1987); Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir.1985). Under this five-step sequential evaluation process of the Regulations, review ends if the Secretary makes a dispositive finding at any point. 20 C.F.R. Sec. 404.1520(a) (1987). Congress approved of the process when it enacted the Social Security Disability Benefits Reform Act of 1984. Salmi v. Secretary of Health and Human Services, 774 F.2d 685 (6th Cir.1985).
 
 
 8
 In this case the ALJ's findings required analysis through step five. The first step did not prove dispositive because at step one the ALJ determined that while appellant had engaged in substantial gainful activity since the alleged disability onset date, he had not worked after he was fired as a security guard in 1984. 20 C.F.R. Sec. 404.152(b). Because appellant was performing substantial gainful activity (nine years after he allegedly became disabled) until sometime in 1984, he could not have been disabled during that period. The ALJ applied the remaining steps of the sequential evaluation procedure to the period after 1984 to determine if appellant subsequently became disabled.
 
 
 9
 Applying the second step, the ALJ found that appellant did suffer from severe impairments. 20 C.F.R. Sec. 404.1520(c).
 
 
 10
 At step three the ALJ found that none of Mr. Whitehead's impairments met the Listing's requirements. 20 C.F.R. Sec. 404.1520(d). On appeal Mr. Whitehead does not appear to argue with this finding, although he does refer to the listing for skin disorders. But that listing requires persistent lesions despite therapy. Evidence shows that when Mr. Whitehead followed his therapist's instructions the lesions did not persist.
 
 
 11
 Finding that he was unable to reach a determination based solely on the medical evidence, the ALJ proceeded to step four which first required him to determine Whitehead's residual functional capacity. 20 C.F.R. Sec. 404.1520(e).
 
 
 12
 Residual functional capacity (RFC) is a measure of what individuals can do despite limitations that physical and/or mental impairments impose. 20 C.F.R. Sec. 404.1545(a). The Secretary, or ALJ at the hearing level, must assess physical abilities such as walking, standing, and lifting when determining how physical impairments impact RFC. Additionally, because this case involved allegations of mental impairments that could affect an RFC determination, the regulations required the ALJ to complete a Psychiatric Technique Review Form. See 20 C.F.R. Sec. 404.1520(a) (1988). The Psychiatric Technique Review Form directed a finding that appellant did not suffer from a severe mental impairment.
 
 
 13
 Without evidence of any mental impairment that would affect an RFC determination, the ALJ ultimately determined that appellant retained the residual functional capacity to perform light work not involving exposure to skin irritants that might exacerbate his psoriasis. Substantial evidence supports that determination. Although appellant has sickle cell disease and psoriasis, he has not been to a hospital for his sickle cell disease or related arthritis since August 1980. In fact, most of the medical reports barely refer to Sickle cell disease; rather, they focus on his skin disorder.
 
 
 14
 Regarding his psoriasis, the record indicates that Mr. Whitehead sought treatment from February to June, 1983, in March and October, 1986, and in April, 1987. His disorder responded to treatment. As in the case of his other impairment, it is highly unlikely that Mr. Whitehead would allow himself to suffer the allegedly debilitating effects of a condition that proper medical attention could quickly alleviate. "The Social Security Act did not repeal the principal of individual responsibility." Sias v. Secretary of Health and Human Services, 861 F.2d 475, 480 (6th Cir.1988).
 
 
 15
 Leaving the status of his psoriasis aside, Mr. Whitehead claims that the Secretary erred in finding an RFC for light work activity because prior to an Appeals Council remand in this case for review under new impairment listings enacted in the Social Security Disability Benefits Reform Act of 1984, an ALJ had determined that Mr. Whitehead had an RFC only for sedentary work. Mr. Whitehead argues that res judicata precludes the second ALJ from finding that he has the RFC for light work. He purports to rely on the language of Section 205(h) of the Social Security Act, which provides in pertinent part:
 
 
 16
 The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decisions of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.
 
 
 17
 Appellant's argument incorrectly assumes that the findings of an ALJ are the findings of the Secretary. In fact, the ALJ's decision becomes the Secretary's final decision only when adopted by the Appeals Council. In this case the Appeals Council remanded the first ALJ's decision on this application for reconsideration in light of Section 5(c)(1), so the initial ALJ's determination never became the Secretary's determination. Thus, res judicata is inapplicable. Moreover, even if collateral estoppel were to preclude the second ALJ from finding other than an RFC for light work activity, which we have not been asked to address, the result here would not change because the first ALJ determined that there were numerous light jobs that appellant could perform and the evidence does not now indicate otherwise.
 
 
 18
 Mr. Whitehead also argues that the Secretary incorrectly disregarded the opinion of Dr. Levadi, who found an "obvious total disability at this time." Mr. Whitehead claims that Dr. Levadi's opinion supports his claimed mental disability. We disagree. According to Dr. Levadi, Mr. Whitehead was a remarkably articulate man whose intellectual capacities were probably above average. He found that Mr. Whitehead was pleasant, showed adequate concentration, and had a good capacity for abstract thought.
 
 
 19
 Not only does the objective medical evidence support the Secretary's determination that Mr. Whitehead suffered from no physical and mental disability, the inconsistency in Mr. Whitehead's testimony supports the Secretary's determination that Mr. Whitehead's credibility was questionable. Twice Mr. Whitehead told the Secretary that he last worked in 1979 although the medical record indicated that he worked in 1980. He later admitted that he worked in 1980, and during the hearing, when confronted with evidence of earnings in 1984, finally admitted that he had returned to work in 1984 when it became financially expedient. Additionally, Mr. Whitehead's numerous excuses for not seeking medical treatment for his allegedly totally disabling diseases tend to damage his credibility. Initially Mr. Whitehead indicated that he did not have the money; later he admitted that he was able to receive treatment through Social Services. He initially stated that he did pretty well on his gout medication and that his sickle cell crises were infrequent, but later indicated that he sought no additional treatment because none of it helped.
 
 
 20
 At Mr. Whitehead's hearing, a vocational expert classified several of Mr. Whitehead's former jobs as requiring light work activity. Thus, review stopped under step four. Because Mr. Whitehead could perform his past relevant work, the Secretary held that he was not under a disability within the meaning of the Act. This finding's accuracy is confirmed by evidence that Whitehead performed some of his past work in 1980 and 1984, despite his allegation that he became disabled in October of 1979.
 
 
 21
 For the reasons indicated above, we AFFIRM.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation